UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653 CAS (DTBx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) & U.S. CENSUS BUREAU | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Petra Ann Parker | Not present | |

**Proceedings:**   **DEFENDANT SAN BERNARDINO EMPLOYMENT AND TRAINING AGENCY'S MOTION TO DISMISS** (filed April 1, 2013)[14]

**I.   INTRODUCTION & BACKGROUND**

On April 26, 2011, plaintiff Petra Ann Parker, proceeding pro se, filed suit against defendants Employment & Training Agency (SBETA) and the U.S. Census Bureau. Plaintiff alleges that in 2008, she received notice that SBETA, in the city of San Bernardino, California, was offering an examination that would allow the applicant to work for the U.S. Census in 2010. Compl. ¶ 4.[1] Plaintiff allegedly took the exam three times for "several different jobs" and passed the test all three times, but the Census Bureau never called her for employment. Id. The first and second tests were taken in 2008 and 2009 at SBETA; she took the third exam in early 2010 at EDD Work Source in Compton, California. Id.

Plaintiff filed a charge of discrimination with the California Department of Fair Employment & Housing (CDFEH) on August 11, 2010, naming "EDD at Work Source" as the entity that discriminated against her. Compl. Ex. A (Agency Charge No. 480-2010-2097). Therein, she alleges that she applied to work as a Census Worker in February 2010, bur that she "was told that [she] was not hired because of something that happened at the San Bernardino office." Id. Plaintiff further alleges that she believes she

---

[1] The U.S. Marshals Service attempted to effect service on the U.S. Census Bureau at the address plaintiff provided, but the Marshals were unable to do so based on an invalid address.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653 CAS (DTBx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) & U.S. CENSUS BUREAU | | |

was discriminated against due to her race, sex, and "in retaliation for filing a prior charge of discrimination against the Respondent." Id. This same charge of discrimination was also presented to the U.S. Equal Employment Opportunity Commission, which sent plaintiff a dismissal and notice of her right to sue. Compl. Ex. B (referencing same Agency Charge No.). On August 18, 2010, CDFEH issued a write to sue notice as well. Id.

Plaintiff brings claims for violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), as well as violations of the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 et seq.) against SBETA and the U.S. Census Bureau. Compl. ¶¶ 5–6. She seeks $30,000,000 in damages against each defendant.

On April 1, 2013, defendant SBETA filed a motion to dismiss for failure to state a claim upon which relief may be granted. Dkt. No. 14. Plaintiff filed a declaration with respect to defense counsel's compliance with Local Rule 7-3 but did not otherwise address any of the substantive points made in defendant's motion. Dkt. No. 15.[2] The Court held a hearing on May 6, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

---

[2] The Court has read and considered the declaration filed by plaintiff with respect to defense counsel's compliance with Local Rule 7-3. Because defense counsel's declaration indicates he attempted to comply with the dictates of Local Rule 7-3 and meet and confer with plaintiff in good faith, the Court finds that defendant's motion should not be denied for failure to comply with this rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653 CAS (DTBx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) & U.S. CENSUS BUREAU | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653 CAS (DTBx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) & U.S. CENSUS BUREAU | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

The Court finds that plaintiff's complaint should be dismissed for two reasons. First, plaintiff fails to allege that she has exhausted her administrative remedies with respect to defendant SBETA. "[T]he general rule [is] that Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." Sosa v. Hiraoka, 920 F.2d 1451, 1458 (9th Cir. 1990). However, charges may be brought against persons not named in an administrative complaint where those persons "were involved in the acts giving rise to the EEOC claims." Id. at 1459 (quoting Wrighten v. Metropolitan Hosp., 726 F.2d 1346, 1352 (9th Cir. 1984)). In addition, "where the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge." Id. (citations omitted).

The exhibits attached to her complaint demonstrate that plaintiff has exhausted administrative avenues with respect to her claim against "EDD Workforce" in Compton, California, but the charge of discrimination makes no mention of SBETA. Compl. Ex. A. Plaintiff makes no allegations that EDD Workforce is somehow related to SBETA, other than the fact that both agencies separately administered an exam for applying to become a U.S. Census employee in 2010. Plaintiff's case is distinguishable from Sosa, where the additional defendants not named in the EEOC complaint were all employees or administrators of the employer whom plaintiff named in her administrative complaint. As such, all the defendants in Sosa were either involved in the events set forth in the EEOC complaint or could have anticipated being named as defendants. This is not the case here, as plaintiff makes no mention of SBETA in her EEOC complaint nor demonstrates how SBETA could have anticipated being named a defendant based upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653 CAS (DTBx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) & U.S. CENSUS BUREAU | | |

the factual contentions in this complaint. Accordingly, plaintiff has failed to allege exhaustion of her administrative remedies with respect to defendant SBETA.

Second, plaintiff fails to set forth factual allegations sufficient to state a claim upon which relief may be granted. Plaintiff alleges that she (1) successfully passed the test to become a Census Worker and (2) was otherwise qualified to perform the work, but (3) was not offered employment. These are the entirety of plaintiff's allegations supporting her claim of discrimination against SBETA.

Under both Title VII and the ADEA, an "employment agency" is prohibited from "fail[ing] or refus[ing] to refer for employment, or otherwise to discriminate against, any individual" because of such individual's age, race, color, religion, sex, or national origin, or from "classify[ing] or refer[ring] for employment any individual" on the basis of such individual's age, race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(b); 29 U.S.C. § 623(b); cf. Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1049 (9th Cir. 2012).[3] Under either statute, the burden shifting framework of McDonnell Douglas v. Green, 411 U.S. 792 (1973), applies. Once the plaintiff has made a prima facie showing, the burden then shifts to the employer to offer a legitimate reason for the adverse employment action—here, plaintiff not being hired after taking the qualifying exam for employment with the U.S. Census Bureau. If the employer offers such a reason, plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated.

Plaintiff does not allege how SBETA failed to refused to refer her for employment with the U.S. Census Bureau or otherwise discriminated against her in any way. Plaintiff does not allege whether she expected or asked SBETA to refer her for employment with the Census, whether other persons who took the exam at SBETA were referred to the Census for employment, or whether these persons were hired by the Census. Plaintiff

---

[3] Plaintiff does not identify which provision of Title VII and the ADEA she seeks to bring suit under, but the subsection governing "employment agencies" appears to be the relevant subsection here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653 CAS (DTBx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) & U.S. CENSUS BUREAU | | |

may amend her complaint, for example, to allege how other persons were referred for employment after passing the exam but plaintiff was not, despite her passing score.

**IV.    CONCLUSION**

In accordance with the foregoing, defendant's motion to dismiss is granted. Plaintiff shall have **forty-five (45)** days to file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |