UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-0653-CAS (DTBx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) & U.S. CENSUS BUREAU | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Petra Ann Parker, Pro Se | Laura Marchione |

**Proceedings:** **DEFENDANT SAN BERNARDINO EMPLOYMENT AND TRAINING AGENCY'S MOTION TO DISMISS** (filed July 2, 2013)

## I. INTRODUCTION & BACKGROUND

On April 26, 2011, plaintiff Petra Ann Parker, proceeding pro se, filed suit against defendants Employment & Training Agency ("SBETA"), EDD Workforce, and the U.S. Census Bureau. Plaintiff alleges that in 2008, she received notice that SEBTA, in the city of San Bernardino, California, was offering an examination that would allow the applicant to work for the U.S. Census in 2010. Plaintiff allegedly took the exam three times for "several different jobs" and passed the test all three times, but the Census Bureau never called her for employment. The first and second tests were taken in 2008 and 2009 at SEBTA; she took the third exam in early 2010 at EDD Work Source in Compton, California.

Plaintiff filed a charge of discrimination with the EEOC on August 11, 2010, naming "EDD at Work Source" as the entity that discriminated against her. Compl. Ex. A (Agency Charge No. 480-2010-2097). This complaint was referred to the California Department of Fair Employment and Housing ("DFEH"). Therein, she alleges that she applied to work as a Census Worker in February 2010, bur that she "was told that [she] was not hired because of something that happened at the San Bernardino office." Id. Plaintiff further alleges that she believes she was discriminated against due to her race, sex, and "in retaliation for filing a prior charge of discrimination against the Respondent." Id. On August 18, 2010, CDFEH issued a right to sue notice to plaintiff. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-0653-CAS (DTBx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) & U.S. CENSUS BUREAU | | |

On May 6, 2013, the Court granted defendant SBETA's motion to dismiss with leave to amend. Plaintiff filed her First Amended Complaint ("FAC") on June 11, 2013, asserting claims for violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), as well as violations of the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 et seq.) against SBETA and the U.S. Census Bureau. FAC ¶¶ 5–6.

On July 2, 2013, defendant SBETA filed the instant motion to dismiss. Plaintiff did not oppose the motion in writing but did make an appearance at the August 5, 2013, hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

[OMITTED FOR BREVITY]

## III.   DISCUSSION

In its prior order, the Court found that plaintiff's claims against SBETA should be dismissed because she failed to demonstrate that she exhausted her administrative remedies with respect to this defendant. After reviewing plaintiff's amended complaint and considering the arguments of the parties at the hearing, the Court again concludes that plaintiff has failed to allege that she exhausted her administrative remedies with respect to SBETA, and therefore her claims against this defendant must fail.

"[T]he general rule [is] that Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." Sosa v. Hiraoka, 920 F.2d 1451, 1458 (9th Cir. 1990). However, charges may be brought against persons not named in an administrative complaint where those persons "were involved in the acts giving rise to the EEOC claims." Id. at 1459 (quoting Wrighten v. Metropolitan Hosp., 726 F.2d 1346, 1352 (9th Cir. 1984)). In addition, "where the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge." Id. (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-0653-CAS (DTBx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) & U.S. CENSUS BUREAU | | |

As the Court found before, the exhibits attached to plaintiff's complaint demonstrate that plaintiff has exhausted administrative avenues with respect to her claim against "EDD Workforce" in Compton, California, but the charge of discrimination makes no mention of SBETA. Plaintiff makes no allegations that EDD Workforce is somehow related to SBETA, other than the fact that both agencies separately administered an exam for applying to become a U.S. Census employee in 2010. Furthermore, because there is no allegation that SBETA had any involvement in the administration of the exam, SBETA could not have anticipated being named as a defendant in the instant action, and it had no prior opportunity to respond to plaintiff's charge of discrimination. Because plaintiff has been unable to demonstrate that she could cure these defects of her administrative charge and complaint, the Court finds that SBETA should be dismissed from this action.

## IV. CONCLUSION

In accordance with the foregoing, the Court dismisses defendant SBETA from this case without prejudice. Plaintiff may continue to prosecute this case against the remaining two defendants.

IT IS SO ORDERED.

| | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |