UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653-CAS (DTBx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| NOT PRESENT | | Leah Gershon |

**Proceedings:** **DEFENDANT EDD AT WORK SOURCE'S MOTION TO DISMISS** (filed August 21, 2013)

**I. INTRODUCTION & BACKGROUND**

On April 26, 2011, plaintiff Petra Ann Parker, proceeding pro se, filed suit against defendants Employment & Training Agency ("SBETA") and the U.S. Census Bureau. On June 11, 2013, plaintiff filed the operative First Amended Complaint ("FAC"), adding defendant "EDD at Work Source" ("EDD"). The FAC asserts claims for violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), as well as violations of the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 et seq.) ("ADEA"). FAC ¶¶ 5–6.

Plaintiff alleges that in 2008, she received notice that SBETA was offering an examination that would allow the applicant to work for the U.S. Census in 2010. Plaintiff allegedly took the exam three times for "several different jobs" and passed the test all three times, but the Census Bureau never called her for employment. The first and second tests were taken in 2008 and 2009 at SBETA; she took the third exam in early 2010 at EDD Work Source in Compton, California.

Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing on August 11, 2010, naming "EDD at Work Source" as the entity that discriminated against her. Dkt. 1, Ex. A (Agency Charge No. 480-2010-2097). Therein, she alleges that she applied to work as a Census Worker in February 2010, but that she "was told that [she] was not hired because of something that happened at the San Bernardino office." Id. Plaintiff further alleges that she believes she was discriminated against due to her race, sex, and "in retaliation for filing a prior charge of discrimination

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653-CAS (DTBx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) ET AL. | | |

against the Respondent." Id.  This charge was referred to the Equal Employment Opportunity Commission ("EEOC") on August 18, 2010.  Dkt. 1, Ex. B.  On February 8, 2011, the EEOC issued a right to sue notice to plaintiff.  Dkt. 1, Ex. C.

On July 2, 2013, defendant EDD moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has not filed an opposition.  After considering EDD's arguments, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653-CAS (DTBx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) ET AL. | | |

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Because plaintiff alleges claims under Title VII and the ADEA, she may only proceed if she has exhausted her administrative remedies. To exhaust administrative remedies, plaintiff must "fil[e] a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002). Here, plaintiff filed a charge against defendant EDD with the California Department of Fair Employment and Housing on August 11, 2010. The Department of Fair Employment and Housing then referred plaintiff's charge to the EEOC on August 18, 2010.

On February 8, 2011, the EEOC dismissed plaintiff's charge and issued plaintiff a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653-CAS (DTBx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) ET AL. | | |

"right-to-sue" letter against EDD. This letter gave plaintiff the option to sue under Title VII and the ADEA within ninety days of receipt. See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA). This ninety-day limit operates as a statute of limitations: failure to file within ninety days forfeits the right to sue. See Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir. 1990). The right-to-sue letter informed plaintiff: "Your lawsuit must be filed within 90 days of your receipt of this notice; or your right to sue based on this charge will be lost." Dkt. 1, Ex. C (emphasis omitted).

    Here, plaintiff filed her initial complaint in this action on April 26, 2011—within the ninety day statute of limitations. This initial complaint, however, did not allege claims against EDD. EDD was only added to the case when plaintiff filed the FAC on June 11, 2013. June 11, 2013 is more than ninety days after February 8, 2011. Accordingly, "[u]nless the [FAC] is an amendment which relates back to the date of the filing of the first complaint, [plaintiff's] action is . . . time barred." Edwards, 892 F.2d at 1445.

    The relation-back of amended complaints that add new parties is governed by Federal Rule of Civil Procedure 15(c)(1)(C). Rule 15(c)(1)(c) allows for relation-back when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

    The Court finds that the FAC adding EDD does not relate back to the filing of the original complaint, for two reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0653-CAS (DTBx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | PETRA ANN PARKER V. EMPLOYMENT & TRAINING AGENCY (SBETA) ET AL. | | |

First, the FAC only relates back to the filing of the original complaint if EDD received notice "within the period provided by Rule 4(m)." Here, however, [t]here is no evidence in the record that [EDD] had notice of the suit within the 120 day period required by Rule 4(m)." Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002). EDD claims that it only received notice of this action when the FAC was filed, more than two years after the commencement of this action.

Second, the FAC only relates back if EDD "knew or should have known that the action would have been brought against it, but for the mistake concerning the proper party's identity." The original complaint brought claims against SBETA and the U.S. Census Bureau. The Court can discern no reason why EDD "knew or should have known" that they were the proper defendant in a action brought against these other agencies. See Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 8:1637 (The Rutter Group 2009).

The Court thus concludes that the FAC does not relate back to the filing of the original complaint. As such, the FAC, which first named EDD, is untimely because it was filed more than 90 days after plaintiff received her right to sue letter from the EEOC. Because no amendment of the complaint will make plaintiff's action against EDD timely, dismissal with prejudice is appropriate. See Schreiber Distrib. Co., 806 F.2d at 1401.

## IV. CONCLUSION

In accordance with the foregoing, the Court dismisses defendant EDD from this case with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | MS |